**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

JEAN CARLOS ALEXI FIALLOS MANZANARES,

Petitioner,

v. Case No. 2:25-cv-00798 KWR-KRS

JOSE ORTEZ, *Field Office Director,*
*Immigration and Customs Enforcement*,

Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The Magistrate Judge filed his Proposed Findings and Recommended Disposition ("PFRD"), recommending that the Court deny or dismiss without prejudice Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) and deny Petitioner's Motion for Preliminary Injunction (Doc. 13). *See* Doc. 18. The PFRD notified the parties of their ability to file objections within fourteen (14) days and that failure to do so waived appellate review. *Id.* at 20. Specifically, the PFRD recommended the following:

- The Court should strike Petitioner's untimely replies (Docs. 14, 15) to the extent Petitioner seeks to amend or supplement his Petition;
- The Court lacks jurisdiction because the Petition does not sufficiently establish next friend standing;
- USCIS lawfully exercised its discretionary authority to revoke Petitioner's DACA status pursuant to Section 236.23(a)(2);
- Petitioner has not exhausted his administrative remedies nor has he demonstrated

exhaustion is futile;

- The Court lacks jurisdiction over discretionary bond denial decisions under § 1226 and Petitioner has not properly pled a Constitutional challenge; and
- Petitioner's prolonged detention claim is not well taken.

*See* Doc. 18. Considering the record relevant to the objections *de novo*, the Court adopts the PFRD and overrules the objections. In addition to Judge Sweazea's analysis, findings, and recommendation, which the Court adopts, the Court notes as follows.

Petitioner filed an objection to the PFRD as well as several supplements, making many new arguments and expanding the record beyond what he presented in the Petition, including asserting legal theories which were not presented to the Magistrate Judge prior to the issuance of the PFRD. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived."). To the extent Petitioner seeks to expand the record, the Court does not accept any further evidence presented after the issuance of the PFRD, as Petitioner has not demonstrated why he could not present it before the issuance of the PFRD. *See, e.g., United States v. Hahn*, No. 25-2069, 2026 WL 1398752, at *6 (10th Cir. May 19, 2026) ("The decision whether to accept further evidence after the magistrate judge's recommendation also lies within the district court judge's discretion."). When reviewing an objection to the magistrate judge's recommendation, "[t]he [district court] judge *may* ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1) (emphasis added). "The decision whether to accept further evidence after the magistrate judge's recommendation is therefore within the district court judge's discretion." *Gonzales v. Qwest Commc'ns Corp.*, 160 F. App'x 688, 690 (10th Cir. 2005); *Cleveland v. Havanek*, 530 F. App'x 840, 842 (10th Cir. 2013) (applying *Gonzales* in § 2254 context). For

example, Petitioner asserted a constitutional claim in his Objection to the PFRD, asserting that the revocation of his DACA status violated due process. *See* Doc. 19 at 15. This claim was not in his Petition (Doc. 1). Petitioner has not demonstrated why he could not assert his evidence, legal theories, or claims in his Petition.

Moreover, Petitioner's sister filed a very brief Petition, stating that Petitioner should not be detained because he has DACA status. However, the Petition does not challenge the termination of his DACA status or assert that the termination of his DACA status violated due process. He did not move to amend his Petition[1] to assert such a claim. Moreover, Respondent terminated his DACA status, and the Court generally lacks jurisdiction to set aside a decision to extend or terminate DACA status. 8 U.S.C. § 1252(g). "DACA does not convey lawful status; it simply defers removal." *Galeano-Romero v. Barr*, 968 F.3d 1176, 1180 (10th Cir. 2020), *abrogated on other grounds by Wilkinson v. Garland*, 601 U.S. 209 (2024). "DACA is a matter of prosecutorial discretion, and we lack jurisdiction to review the decision whether to extend it." *Jaquez-Estrada v. Barr*, 825 F. App'x 538, 542–43 (10th Cir. 2020)[2] (citing 8 U.S.C. § 1252(g)); *see also Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015) ("Neither an IJ nor the BIA has the

[1] The PFRD, as well as the Court, interprets Doc. 15 as a reply, not an amended petition. *See* Doc. 15 at 2 ("Petitioner's Reply to Respondents' Answer in Support of Habeas Corpus Relief."). A party generally may not assert new claims in a reply without seeking leave to amend under Fed. R. Civ. P. 15(a). And as explained in the PFRD, Petitioner failed to request or obtain leave to amend. *Fiallos Manzanares v. Ortez*, No. 2:25-CV-00798-KWR-KRS, 2026 WL 1536041, at *4 (D.N.M. June 1, 2026). Petitioner's sister also stated she did not intend to submit a new petition. Doc. 22 at 2.

[2] The Supreme Court of the United States concluded that it had jurisdiction to consider the rescission of the entire DACA program. *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19, 140 S. Ct. 1891, 1907, 207 L. Ed. 2d 353 (2020). Given that *Regents of the University of California* was issued *before* the Tenth Circuit's decision in *Jaquez-Estrada,* it appears that the Tenth Circuit continues to apply the § 1252(g) jurisdictional limitation to the decision to terminate or extend DACA for an individual.

authority to review the government's prosecutorial discretion decisions. And we too lack jurisdiction over them under 8 U.S.C. § 1252(g).”).

Moreover, the Court issued an order directing the parties to brief whether “(1) a final order of removal has been entered and (2) whether the entry of a final order of removal moots the claims presented in the Petition.” Doc. 25 at 1. Respondent asserts that a final order removal has been entered and Petitioner’s claims are now moot. Petitioner did not respond to the Court’s order or state that his claims are not moot.

Pursuant to the Immigration and Nationality Act, the Respondent must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). Upon expiration of the initial removal period, the Respondent may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is “presumptively reasonable.” *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides “good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,” the Respondent must then rebut the noncitizen’s showing with evidence. *Id.*

The “removal period” begins once a noncitizen's removal order “becomes administratively final,” § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (“An order of removal becomes final at the earlier of two points: (1) ‘a determination by the [BIA] affirming such order,’ or (2) ‘the expiration of the period in which the alien is permitted to” petition the BIA for review of the order.’) (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1. Here, the BIA dismissed the appeal of the removal order on August 10, 2026. The removal order became final on that date. 8 C.F.R. § 1241.1(a)

(stating that removal order is final upon dismissal of an appeal by the Board of Immigration Appeals). It appears that Petitioner is now mandatorily detained under 8 U.S.C. § 1231(a), and Petitioner does not dispute that his detention claims are now moot.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 18) are **ADOPTED**. Petitioner's objections are **OVERRULED**.

2. Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. Petitioner's Motion for Preliminary Injunction (Doc. 13) is **DENIED** as moot.

__________/S/_______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE